Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAVID RUSSELL MYRLAND, <br> Defendant. | NO. MJ11-30 <br><br> UNITED STATES' MOTION TO RECONSIDER MAGISTRATE JUDGE'S DECISION RE: BOND |

## I. INTRODUCTION.

The United States of America, by and through Jenny A. Durkan, United States Attorney, and Vincent T. Lombardi, Assistant United States Attorney, hereby moves the Court to reconsider the release bond entered in this matter.

After the hearing, the government and pretrial services learned new information about Defendant's past contacts with judges of this Court from the U.S. Marshals service, as well as admissions made by Defendant during his post-arrest statement. The charged offense is a crime of violence, and these new facts indicate that Defendant is a risk to the community. Accordingly, the government respectfully submits that reconsideration is appropriate.

U.S. Appeal of Magistrate Bond Decision - 1
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

If the Court denies reconsideration, it is still the intent of this office to seek immediate review of the Court's order granting bond. However, given the new facts, it seemed more appropriate to bring those facts to this Court's attention first.

## II. BACKGROUND.

### A. THE OFFENSE CONDUCT.

Defendant is currently charged by complaint with one count of making a threat via interstate communications, in violation of 18 U.S.C. § 875(c). The basic facts are set forth in the complaint, which is incorporated by this reference. To briefly summarize, Defendant has repeatedly threatened to "arrest" Kirkland government officials he believes have somehow wronged him, and further threatened to use "deadly force" if those officials resist his arrest. Of particular concern, these threats do not just involve Defendant; instead, they involve other individuals who share his odd belief system. These other individuals have continued to advance similar threats on Defendant's behalf. Defendant has been contacted while armed, has access to firearms, and is a confirmed drug user.

### B. DEFENDANT'S POST-ARREST STATEMENTS.

As briefly summarized during the prior hearing, Defendant made a post arrest statement after his arrest. The government has had a chance to review a draft report of the interview, which contains additional detail regarding Defendant's continued intention to carry out the threat to arrest City of Kirkland officials.

At his arrest, Defendant was provided with his *Miranda* rights both verbally and in writing. Defendant both verbally acknowledged understanding his rights, and also placed his initials on the written form setting forth those rights, and agreed to speak with the Agents.

Defendant gave the agents a lengthy account of his interpretation of his conflict with the City of Kirkland. Defendant stated he had been wrongfully arrested by the City of Kirkland for an offense he did not commit, and his car, personal property, and firearm were stolen from him by the City at that time. Defendant stated he had contacted the City

U.S. Appeal of Magistrate Bond Decision - 2
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

numerous times demanding compensation for the damages incurred by his unlawful arrest, but the City refused to acknowledge their wrong-doings and correct their actions. Throughout this account, Defendant was visibly upset, exhibiting very obvious changes in the pitch and volume of his voice, redness in his face, and tone and inflection in his voice which indicated anger.

Defendant admitted he did send the threatening emails to the Mayor of Kirkland on August 30, 2010. He further admitted he did leave the threatening telephone message on the answering machine at the home telephone number of Assistant Kirkland City Attorney (ACA) O.R. on September 3, 2010. Defendant stated he took these actions because the victims were not responding to his numerous written communications. Defendant stated words to the effect of "They ignore documents, so I stepped off of documents and did things off paper."

The Defendant reiterated that the Mayor and ACA would be arrested for what he described as "felonies committed against my person." Defendant stated his interpretation of the Washington law, granted him the authority to arrest any person he perceived as committing a felony. Further, he felt that the powers of a Citizen's Arrest allowed him to force entry to the homes of any "felon" and use any force required, including deadly force, to "arrest" them.

Defendant further stated if he was not able to "arrest" the victims, other people would, though Defendant would not identify the other people. Defendant stated the other people would probably be armed, as bringing weapons along when "arresting armed felons" sounds like a good idea. If the individuals being "arrested" got harmed in that process, that is "their problem."

The Defendant claimed that he did not know the names of those individuals that have contacted the City of Kirkland, King County, Washington State bar Association, and other organizations via U.S. mail on his behalf. The Defendant admitted he provided information about his conflict with Kirkland on his websites and on his internet radio program, and encouraged people to write, on his behalf, to various organizations if they

U.S. Appeal of Magistrate Bond Decision - 3
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

wished to support him.   However, the Defendant denied preparing any documents for anyone to send in, and denied providing any incentive or reward to those who did.

As an aside, the case agent has listened to the internet "radio show" referenced by the Defendant.  It is clear that the Defendant is attempting to minimize his role in procuring these additional threats.  During the recording, Defendant did in fact direct listeners to a website address where the documents he created for this purpose were located, and indicated a specific document, "Satterberg 2," which he felt was most suitable.[1]   Defendant also provided clear directions on where and by what means to mail the documents, including what class postage to use, etc.  Defendant further promised to provide a free copy of his legal teachings (which he values at $350) to anyone who provides him with proof of mailing the documents.

The Defendant went on to admit that he had "worked" with K.R.S., on some "mortgage securitization" projects in the past, and had spoken with him on the phone about a week prior to his arrest.  Defendant admitted that K.R.S. and a few other people from "his group" had come to his October, 2010 Arraignment on King County criminal charges for support.

According to this investigation, K.R.S. is the elected "President" of a nationwide sovereign citizen group advocating the overthrow of the US Government, and lives in the Pierce County, WA area.  As discussed during the hearing, K.R.S. prepared and filed (together with a number of other people) an "affidavit" that was filed on Defendant's behalf, reiterating the right to arrest government officials.  K.R.S. is currently a fugitive from a South Carolina state arrest warrant for similar conduct.

Defendant also admitted that C.C.G. contacted him and was interested in sharing his story with a group of interested people in the Skagit County area.  This individual is a

---

[1]   The Court will recall reviewing a threat letter from a person in Texas which discusses the King County Prosecuting Attorney, Dan Satterberg.

U.S. Appeal of Magistrate Bond Decision - 4
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

well-known member of the same sovereign citizen group as K.R.S., and is closely associated with him.

Towards the end of the interview, Defendant was asked what was going to happen with the Kirkland Mayor and ACA in the future. Defendant reiterated that "They are going to be arrested, either by me, or someone else."

**C.    DEFENDANT'S PRIOR CONTACTS WITH JUDGES OF THIS COURT.**

After the hearing, United States Marshals' Service personnel informed this office and Pretrial Services that Defendant had a relatively recent history of making similar, albeit somewhat more veiled, threats to judges of this Court.

**1.    Threats to Judge Lasnik.**

In 2007, the United States filed a civil suit against Robert Arant, alleging that Arant was operating a fraudulent tax avoidance scheme. The suit sought an injunction and other civil remedies, and was assigned to Chief Judge Robert S. Lasnik. *U.S. v. Arant,* CV07-0509RSL. During the course of that litigation, Defendant began filing various pleadings and motions with Arant, alleging similar legal theories to the ones he has recently advanced as to the City of Kirkland officials. For example, in one filing, Defendant posed a series of questions to the Court as to whether he could "arrest" public officials inside the Courtroom, and whether he could bring and use weapons into court to effectuate those arrests. Dkt. # 32. The Court, of course, answered in the negative. The civil action was ultimately resolved in the United States' favor on summary judgment.

Defendant and Arant were interviewed by the Marshals Service about these inquiries. Both men both stated they had no intention of following through. They stated they expected the court to deny their request and this would be grounds for additional legal maneuvering. Both adamantly denied any intention to act themselves but stated that the point they were trying to make was that citizens have the right to do so.

Defendant and his "client" were apparently dissatisfied with that result. Defendant and Arant filed a civil suit against various federal officials. *Myrland et al. v. Pahl et al.*,

U.S. Appeal of Magistrate Bond Decision - 5
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  CV08-17RAJ.  This was an action originally filed in the King County Superior Court, and
2  removed to this Court due the presence of federal defendants.
3      On February 12, 2008, Defendant and his compatriot filed a "Motion for Remand"
4  (Dkt.# 7), complaining that the Court lacked the ability to remove their complaint.  In the
5  body of the motion, Defendant repeatedly invoked his right to arrest public officials -
6  including Chief Judge Robert S. Lasnik.  For example, at page 3, approximately line 13,
7  Defendant claims the right to effect a "citizen's arrest over the Defendants, over U.S.
8  Dist. Court Chief Judge Robert Lasnik, and over Defendants' counsel . . ."  Defendant
9  and his compatriot go on to state that he "personally possess the statutory authority to
10 conduct such arrests at the moment of their choosing at any time during the next ten years
11 without a knock.  This includes federal public servants . . ."  Page 4, lines 1 - 4; and that
12 "[s]oon thereafter all who have chosen to pursue this course upon regulation alone can
13 expect to be arrested like the professionals do it.  Assemble a pack of nearly 200 heavily
14 armed and belligerent, easily provoked thugs, liars and thieves, and fire tasers at anything
15 that refuses to hit the ground."  Page 4, lines 13 - 20, and that Defendant viewed " a
16 failure to remand as merely one more federal public servant's choice to join the fun of
17 being arrested at 3:30 a.m. sometime before 2018."  Page 6, line 23 - 25.  Defendant
18 closed by stating that "the filing of this action was a favor, a courtesy, paid to the
19 Defendants and is nothing more than the responsible thing to do prior to taking people out
20 of their beds in front of their families in the middle of the night."  Page 11, line 9 - 12.
21      **2.    Inappropriate Communications re: Judge Benton.**
22         Defendant has also made similar statements in the past.  In a prior case,
23 Defendant sued the City of Kirkland and various officials for alleged violations of his
24 civil rights.  The matter was referred to then-U.S. Magistrate Judge Monica Benton.
25 CV04-1640MJB.  Judge Benton ultimately dismissed the case.
26      In November of 2005 Defendant filed two documents.  Defendant submitted a
27 "Verified Criminal Complaint" to the United States Marshals Service, that named then-
28 Magistrate Judge Monica Benton as a defendant, alleging that she had committed the

U.S. Appeal of Magistrate Bond Decision - 6
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

crime of Misprision of a Felony, in violation of 18 U.S.C. §§ 3, 4, because she had dismissed his action.  He also appealed her decision to the Ninth Circuit.  In the appeal brief, he referred to becoming a "first time gun owner;" and made the following concerning statements:  "...what chance does a Citizen have against a judge and kidnapper without taking the law into one's own hands..." "...the court's exist so the victim has remedy and mustn't resort to obtaining remedy (justice) on their own, which Appellant must now and always do..." "...blocked by America's courts from obtaining remedy; Appellant will not lose in this matter."

  USMS personnel interviewed Defendant in connection with these statements. Defendant denied that he would act violently. He further stated that he could ruin a person's career without ever going near them. He stated that he could do so through the legal process and that it was his right to pursue justice through the courts. MYRLAND concluded by stating, "I respect the law. The law is perfect. Those who interpret the law are imperfect and should be held accountable for their actions." MYRLAND clarified, upon request, that he meant held accountable through the legal process.  When asked about the statement regarding violence as "his only relief", MYRLAND stated that was an accurate description of how he had felt on "the day he got out of the Appellee's jail", but not afterward or currently. He stated that he had been consumed by rage following his release and felt that he had appropriately channeled that emotion into his drive to obtain justice through the courts.

### III. ARGUMENT AND AUTHORITY.

**A.** **RECONSIDERATION STANDARD OF REVIEW**.

  Title 18, United States Code, Section 3142(f)(2), provides: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as

U.S. Appeal of Magistrate Bond Decision - 7
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2) (emphasis added).

**B.     NEW EVIDENCE INDICATES DEFENDANT SHOULD BE DETAINED.**

Here, there is in fact new evidence unknown to the government at the time of the original hearing that shows Defendant is a danger to the community and should be detained.

First, the government did not have a detailed summary of Defendant's post-arrest statement to the agents. As set forth above, during his interview Defendant reiterated his *continuing* intent to forcibly "arrest" government officials, and admitted that he was acting with others that he refused to identify.[2] Given those statements, Defendant is clearly a continued danger to the community.

Second, the government did not know of the similar threats made by Defendant to Judge Lasnik. Defendant has not (to date) carried out those threats. However, his sheer persistence in engaging in similar threatening conduct, despite being repeatedly advised to refrain from doing so, shows that he is a substantial risk to commit new law violations if he is released.

**C.     SUBSTANTIVE STANDARD OF REVIEW.**

The Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The United States bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

---

[2] The defense may argue that the government had this information available to it. The Court may recall that the government originally asked for three days for the detention hearing, and only agreed to proceed more quickly when the defense objected. The reason for the original requested continuance was to permit the government to sort out what happened during the arrest and search.

U.S. Appeal of Magistrate Bond Decision - 8
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The Bail Reform Act identifies four factors that a court should consider in analyzing detention, issues: "(1) The nature and circumstances of the offense charged, including whether the offense . . . is a crime of violence . . .;[3] (2) the weight of the evidence . . . ; (3) the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, . . . ; and . . . (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ." 18 U.S.C. § 3142(g). Of these factors, weight of evidence is least important, and the statute neither requires nor permits pretrial determination of guilt. 18 U.S.C. §3142(g).

Finally, it is well-settled that at a detention hearing the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g. United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937 (9th Cir.), vacated as moot upon defendant's conviction, 792 F.2d 906 (9th Cir. 1986).

**D.     DEFENDANT SHOULD BE DETAINED.**

As the Court acknowledged during the last hearing, this was a close case with concerning facts. This new evidence is more than sufficient to push this matter over the threshold to detention. To summarize:

- Defendant has committed a crime of violence. Despite his arrest, he appears to still believe he can carry out his threats.

//
//

---

[3] "Crime of violence" is defined in 18 U.S.C. § 3156 as "any offense that has an element of the offense the use, attempted use, *or threatened use* of physical force against the person or property of another . . ." The threat offense charged in this matter obviously qualifies.

U.S. Appeal of Magistrate Bond Decision - 9
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

- Defendant has repeatedly confessed to repeatedly sending threatening communications. While the weight of the evidence is the least important factor, it is a factor nonetheless.
- Defendant has an extensive history of similar threatening conduct.
- Those threats appear to be escalating.
- Defendant has a recent history of being armed. Despite a written promise to the contrary, he had access to firearms (a shotgun) at arrest in this matter.
- Defendant possessed two extended (30+) round magazines for a handgun at his arrest. The whereabouts of that handgun are currently unknown.
- Defendant has - to put it delicately - non-standard views on the law and his relationship with the government, which makes him less likely to obey the Court's instructions.
- Defendant is in active contact with other individuals who appear to share his beliefs about their ability to forcibly "arrest" government officials they feel have committed some wrong.
- Defendant is an active drug user.
- Defendant has a history of failures to appear.
- Defendant's sole recent employment appears to be the unauthorized practice of law, also a crime.

//
//
//
//
//

No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## IV. **CONCLUSION**.

For the reasons set forth above, the government respectfully submits that the Court should reconsider its decision to grant bond, and order Defendant detained pending further proceedings.

Dated this 27th day of January, 2011.

                                                Respectfully submitted,

                                                JENNY A. DURKAN
                                                United States Attorney

                                                /s Vincent T. Lombardi
                                                VINCENT T. LOMBARDI
                                                Assistant United States Attorney
                                                700 Stewart Street, Ste. 5520
                                                Seattle, Washington 98101
                                                Facsimile: 206-553-4440
                                                Phone: 206-553-5178
                                                E-mail: vince.lombardi@usdoj.gov

U.S. Appeal of Magistrate Bond Decision - 11
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via United States Postal Service.

s/Ashley Sturgis
ASHLEY STURGIS
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4222
Facsimile:  206-553-0755
E-mail: Ashley.Sturgis@usdoj.gov

U.S. Appeal of Magistrate Bond Decision - 12
No. MJ11-30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970