The Honorable Ricardo S. Martinez

11-CR-00057-PLAGR

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**JUL 27 2011**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>DAVID RUSSELL MYRLAND,<br><br>                Defendant. | No. CR11-057RSM<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Vincent T. Lombardi and Jill Otake, Assistant United States Attorneys for said District, Defendant, DAVID RUSSELL MYRLAND, and his attorney, Stephan Illa, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    **1.**    **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to the following charge contained in the Indictment: *Transmission of Threatening Interstate Communication*, as charged in Count 1, in violation of Title 18, United States Code, Section 875(c).

    By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense of *Transmission of Threatening Interstate Communication*, as charged in Count 1, in violation of Title 18, United States Code, Section 875(c), are as follows:

*First,* Defendant sent a message containing a theat to kidnap or injure the person of another;

*Second*, Defendant sent the message in interstate or foreign commerce; and

*Third,* Defendant intended his words to be taken as a true threat.

3. **The Penalties.** Defendant understands that the statutory penalties for the offense of *Transmission of Threatening Interstate Communication*, as charged in Count 1, in violation of Title 18, United States Code, Section 875(c), are as follows:  Imprisonment for up to five (5) years; a fine of up to $250,000; a period of supervision following release from prison of between two (2) years, and three (3) years; and a special assessment of $100.

Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements.  Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.  This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to

1   submit a completed Financial Statement of Debtor form as requested by the United States

2   Attorney's Office.

3       **4.      Rights Waived by Pleading Guilty.** Defendant understands that by pleading

4   guilty, he knowingly and voluntarily waives the following rights:

5           a.      The right to plead not guilty and to persist in a plea of not guilty;

6           b.      The right to a speedy and public trial before a jury of his peers;

7           c.      The right to the effective assistance of counsel at trial, including, if

8   Defendant could not afford an attorney, the right to have the Court appoint one for him;

9           d.      The right to be presumed innocent until guilt has been established beyond a

10   reasonable doubt at trial;

11          e.      The right to confront and cross-examine witnesses against Defendant at

12   trial;

13          f.      The right to compel or subpoena witnesses to appear on his behalf at trial;

14          g.      The right to testify or to remain silent at trial, at which trial such silence

15   could not be used against Defendant; and

16          h.      The right to appeal a finding of guilt or any pretrial rulings.

17      **5.      United States Sentencing Guidelines**. Defendant understands and acknowledges

18   that, at sentencing, the Court must consider the sentencing range calculated under the

19   United States Sentencing Guidelines, together with the other factors set forth in Title 18,

20   United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense;

21   (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the

22   seriousness of the offense, to promote respect for the law, and to provide just punishment for the

23   offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the

24   need for the sentence to protect the public from further crimes of the defendant; (6) the need to

25   provide the defendant with educational and vocational training, medical care, or other

26   correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the

27   need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity

28

PLEA AGREEMENT - 3
*U.S. v. Myrland,* CR11-0057RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

        a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

        b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

        c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

        d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

**6.**    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

**7.**    **Restitution.** Defendant shall make restitution to the City of Kirkland and victims O.R. and J.M.. in an amount to be determined by the Court at the time of sentencing, with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

**8.**    **Forfeiture**. Defendant also agrees that if any firearms or illegal contraband were seized by any law enforcement agency from the possession of Defendant, or that were in the direct or indirect control of Defendant, then Defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items. Said items include, but are not limited to, one Springfield XD semiautomatic handgun and associated magazines and ammunition.

**9.**    **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

PLEA AGREEMENT - 4
*U.S. v. Myrland,* CR11-0057RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1          a.      Defendant DAVID RUSSELL MYRLAND admits that on or about

2  August 30, 2010, he sent an email to "J.M.," the Mayor of the City of Kirkland, Washington,

3  containing a threat to kidnap and injure J.M.  Specifically, Defendant admits that he threatened

4  to cause others to enter J.M.'s home to "arrest" her by law for offenses Defendant felt had been

5  committed against him by police officers working for the City of Kirkland.  Defendant further

6  admits that he advised J.M. not to resist, as the people he was working with would be heavily

7  armed and authorized to use force by law.

8          b.      Defendant admits that said email was sent using Microsoft Corporation's

9  Hotmail service, and that the email was routed through a server in San Antonio, Texas.

10         c.      Defendant further admits that he intended the email to be interpreted as a

11  true threat by the recipient, J.M.

12         d.      Defendant further admits that he had participated in conversations and

13  meetings with other individuals about carrying out said threat; and that the threat, and similar

14  threats were repeated in subsequent written and oral communications with individuals at the City

15  of Kirkland.

16      **10.**   **Sentencing Recommendation.**  The United States agrees it will recommend that

17  the Court impose a custodial sentence of no more than forty-eight (48) months.  The United

18  States is free to make any other sentencing recommendations it sees fit, including but not limited

19  to the term and conditions of supervised release and restitution.

20      Defendant is free to make any sentencing recommendations he sees fit.

21      As set forth in paragraph 5, above, Defendant understands that the Court is not obligated

22  to accept either parties recommendations, and may impose any sentence authorized by law, up to

23  the maximum term authorized by law.

24      **11.**   **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement, the

25  United States Attorney's Office for the Western District of Washington agrees  not to prosecute

26  Defendant for any additional offenses known to it as of the time of this Agreement that are based

27  upon evidence in its possession at this time, and that arise out of the conduct giving rise to this

28  investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute

PLEA AGREEMENT - 5
U.S. v. Myrland, CR11-0057RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   all of the criminal charges the evidence establishes were committed by Defendant solely because

2   of the promises made by Defendant in this Agreement. Defendant agrees, however, that for

3   purposes of preparing the Presentence Report, the United States Attorney's Office will provide

4   the United States Probation Office with evidence of all conduct committed by Defendant.

5       **12.   Acceptance of Responsibility.** The United States acknowledges that if Defendant

6   qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the

7   offense level is sixteen (16) or greater, his total offense level should be decreased by three (3)

8   levels pursuant to USSG §§ 3E1.1(a) and (b), because  has assisted the United States by timely

9   notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United

10  States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11      **13.   Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant

12  breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and

13  Defendant may be prosecuted for all offenses for which the United States has evidence.

14  Defendant agrees not to oppose  any steps taken by the United States to nullify this Plea

15  Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant

16  also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any

17  objection to the re-institution of any charges in the Indictment that were previously dismissed or

18  any additional charges that had not been prosecuted.

19      Defendant further understands that if, after the date of this Agreement, Defendant should

20  engage in illegal conduct, or conduct that is in violation of his conditions of confinement

21  (examples of which include, but are not limited to: obstruction of justice, failure to appear for a

22  court proceeding, criminal conduct while pending sentencing, and false statements to law

23  enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States

24  is free under this Agreement to file additional charges against Defendant or to seek a sentence

25  that takes such conduct into consideration by requesting the Court to apply additional

26  adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the

27  applicable advisory Guidelines range, and/or by seeking an upward departure or variance from

28  the calculated advisory Guidelines range. Under these circumstances, the United States is free to

PLEA AGREEMENT - 6
*U.S. v. Myrland*, CR11-0057RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded
2  by the terms of the plea agreement.

3  **14.    Waiver of Appeal.** As part of this Plea Agreement and on the condition that the
4  Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or
5  the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the
6  Court at the time of sentencing, Defendant waives to the full extent of the law:

7      a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the
8            sentence, including any restitution order imposed; and
9      b.    any right to bring a collateral attack against the conviction and sentence, including
10           any restitution order imposed, except as it may relate to the effectiveness of legal
11           representation.

12  Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion
13  pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the
14  Bureau of Prisons regarding the execution of his sentence.

15      If Defendant breaches this Plea Agreement at any time by appealing or collaterally
16  attacking (except as to effectiveness of legal representation) the conviction or sentence in any
17  way, the United States may prosecute Defendant for any counts, including those with mandatory
18  minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19  **15.    Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea
20  Agreement freely and voluntarily and that no threats or promises, other than the promises
21  contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

22  **16.    Statute of Limitations.** In the event this Agreement is not accepted by the Court
23  for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of
24  limitations shall be deemed to have been tolled from the date of the Plea Agreement to:
25  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or
26  (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is
27  discovered by the United States Attorney's Office.
28  / / /

PLEA AGREEMENT - 7
U.S. v. Myrland, CR11-0057RSM

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1     **17.**   **Completeness of Agreement.**  The United States and Defendant acknowledge that

2 these terms constitute the entire Plea Agreement between the parties.  This Agreement binds

3 only the United States Attorney's Office for the Western District of  Washington.  It does not

4 bind any other United States Attorney's Office or any other office or agency of the

5 United States, or any state or local prosecutor.

6     Dated this 22th day of July, 2011.

7

8

9 DAVID RUSSELL MYRLAND
   Defendant

10

11 STEPHAN ILLA
   Attorney for Defendant

12

13

14 JILL OTAKE
   Assistant United States Attorney

15

16 VINCENT T. LOMBARDI
   Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - 8
*U.S. v. Myrland,* CR11-0057RSM