Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID RUSSELL MYRLAND,<br><br>  Defendant. | No. CR 11 – 057 RSM<br><br>DEFENDANT'S OBJECTIONS & SUGGESTED REVISIONS TO THE DRAFT PRESENTENCE REPORT<br><br>Sentencing: Friday, October 21, 2011 – 10:00 a.m. |

DEFENDANT DAVID RUSSELL MYRLAND submits the following objections and suggested revisions to the draft presentence report:

1. <u>General Objection</u>: The defense objects to the inclusion of any factual allegations regarding the offense or relevant conduct other than the factual admissions and stipulations contained in the plea agreement in this case. The defense contends that any other factual assertions may not be considered by the court at sentencing as a matter of law, since the facts were neither admitted by the defendant nor found by a jury beyond a reasonable doubt.

DEFENDANT'S OBJECTIONS & SUGGESTED
REVISIONS TO THE DRAFT PRESENTENCE REPORT - 1

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

Imposing a sentence based on extraneous facts would violate the defendant's Sixth Amendment right to a jury trial.  See United States v. Booker, 543 U.S. 220 (2005).

2. <u>Revisions to Page 1</u>:  Mr. Myrland's correct address is "7607 – 139th Place Northeast," and the phone number identified below the address is his number, not that of his landlord.

3. <u>Revision to ¶ 2</u>:  Mr. Myrland suggests that the first sentence be revised to read: "on July 27, 2011, the defendant plead guilty to Count 1, ~~as charged~~ *as per the plea agreement*."

4. <u>Objections & Revision to ¶ 7</u>:  Mr. Myrland suggests that the first sentence be revised to read: "The events leading up to the count of conviction began on or about ~~August 10, 2010~~ *May 7, 2009, and occurred due to subsequent events, most of which occurred on August 10, 2010.*  He insists that the loaded magazine was on the seat beside the pistol, not "on top of the pistol."  Mr. Myrland denies "making threats to 'arrest' police officers," and denies telling the officer "that he was not subject to the Washington State Laws [sic], or something similar."  He also denies claiming that the officer "lacked the legal authority to stop him."

5. <u>Objection to ¶ 8</u>:  Mr. Myrland suggests that the first sentence be revised to read: "… the defendant ~~again~~ explained that ~~he was~~ *automobiles are* not subject to the motor vehicles laws …"  The second sentence should be revised to state "… he would be ~~constitutionally~~ *statutorily (RCW 9A.16.020)* authorized to come to …"  The second to last sentence should include the clause: "… becoming very agitated, *due to past abuses and experiences by and with the City of Kirkland.*"  Mr. Myrland denies that "[h]is face turned red and he clenching [sic] his fists."

6. <u>Objection to ¶ 9</u>:  Mr. Myrland suggests that the first sentence be revised to read: "… the defendant was placed under arrest *for Driving with License Suspended, a suspension*

DEFENDANT'S OBJECTIONS & SUGGESTED
REVISIONS TO THE DRAFT PRESENTENCE REPORT - 2

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

*that Kirkland had caused a year previously* and ...." The second to last sentence should be revised to state: "… he owned the pistol ~~to 'shoot pitbulls'~~ *for self-defense due to dog attacks endured and threatening behavior or neighbors' possible gang and drug activity*."

7. <u>Objection & Revision to ¶ 10</u>: Mr. Myrland says that the last two sentences should be revised to read: "~~When~~ *H*e was told that the weapon would not be returned. ~~the defendant became enraged and began to yell.~~ He ~~eventually~~ *immediately* stormed out ~~to~~ *of* the Police Department into the parking lot and ~~yelled~~ *shouted his protests over losing his pistol without probable cause* at others outside the building." Mr. Myrland suggests that a final sentence be added to the paragraph: "*On August 27, 2010, Kirkland returned the pistol to the defendant*."

8. <u>Addition to ¶ 12</u>: Mr. Myrland suggests that the following sentence be added to the end of the paragraph: "*Attached to this email was a pdf document containing accusations of criminal misconduct against JM and OR*."

9. <u>Objection & Revision to ¶ 13</u>: Mr. Myrland says that the second sentence should include the prefatory clause "*On September 6, 2009, . . .*" He states that the fourth sentence should be revised to read" "He went on to explain that he *and all citizens* had the legal right~~,~~ *pursuant to RCW 9A.16.020,* to effect a 'citizen's arrest' of the Mayor due to her ~~unwillingness to address 'legal problems' he was having with the City of Kirkland~~ *commission of felonies against him*." Mr. Myrland denies stating that he "intended on following through with arresting the Mayor," as asserted in the fifth sentence.

10. <u>Objection & Revision to ¶ 14</u>: Mr. Myrland denies sending "a number of other messages of a threatening nature to employees of the City of Kirkland," as stated in the first sentence. The seventh sentence should be revised to read: "As before, the defendant relayed to

DEFENDANT'S OBJECTIONS & SUGGESTED     LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
REVISIONS TO THE DRAFT PRESENTENCE REPORT - 3     600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

police that it was his *and every citizen's* legal right to effect a citizen's arrest, due to the assistant city attorney's ~~unwillingness to address a 'legal problem' that he was having with the city~~ *commission of felonies against him*."

11. Objection to ¶ 15:  Mr. Myrland denies making any of the statements detailed in the second sentence of this paragraph and asks that they be stricken from the report.

12. Objection to ¶ 16:  Mr. Myrland denies "enlist[ing] the assistance of others to make threats on his behalf," as alleged in the first sentence.  The entire paragraph should be stricken, because no evidence supports the assertion and implication that Mr. Myrland was involved in any way with the December 27. 2010 letter to the City of Kirkland from an individual in Texas.  Mr. Myrland wonders why this individual's threatening communication (transmitted across state lines through the mail) have not been made the subject of a federal prosecution.

13. Demand for Production of Statements – ¶ 18:  Mr. Myrland demands production of all written statements from the purported victims that have been submitted to the Probation Department or the Court.

14. Addition to ¶ 20:  Mr. Myrland's letter of acceptance of responsibility shall be submitted to the Probation Department and the Court before sentencing.

15. Objection to ¶ 23:  Mr. Myrland denies that his conduct evidenced an intent to carry out the threat and objects to the inclusion of a six-point enhancement pursuant to USSG § 2A6.1(b)(1).  Mr. Myrland objects to the characterization of his admissions in the plea agreement because they are inaccurate, and he suggests that the second sentence be revised to read: "… explaining how he would ~~effect~~ *cause* a citizen's arrest, ~~with the assistance of~~ *by* others, and that

DEFENDANT'S OBJECTIONS & SUGGESTED
REVISIONS TO THE DRAFT PRESENTENCE REPORT - 4

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

~~he~~ *they* would use force if necessary." The third sentence should be revised to read: " … meetings with others about *their* carrying out the ~~threat~~ *citizen's arrest*."

  16. <u>Objection to ¶ 25</u>: Mr. Myrland denies that the threat of citizen's arrest was motivated by the victim's status as a government official, but insists that it was motivated by the fact that the felonies were committed against him by the victim. Because the offense was not motivated by the status of the victim as a government officer or employee, no three-point upward adjustment should be applied pursuant to USSG 3A1.2(a).

  17. <u>Objection to ¶¶ 28 – 30</u>: Mr. Myrland says that the adjusted offense level should be *14* in ¶ 28, the adjustment for acceptance of responsibility should be – *2* in ¶ 29, and the offense level subtotal should be *12* in ¶ 30.

  18. <u>Addition to ¶ 53</u>: Mr. Myrland requests that the following sentence be added at the end of the paragraph: "*Defendant's motion to vacate was filed on September 3, 2003, and it remains pending despite his repeated requests for a hearing and decision*."

  19. <u>Addition to ¶ 55</u>: Mr. Myrland says that the following sentences should be added to the end of the paragraph: "*The conviction is invalid because it was caused by the City's unjustified and unreasonable failure to provide proper notice to the defendant resulting from its negligent failure to send notice to the proper address. As a result of this invalid conviction, Mr. Myrland was arrested on August 10, 2009*."

  20. <u>Objection to ¶ 70</u>: Mr. Myrland denies that he "continued to approach" the officer, as alleged in the last clause of the sixth sentence. He also denies that he "ignored all verbal commands from the officer," that "he continued to insert himself into the altercation," or that he asked "'why' he needed to stay back," as asserted in the seventh sentence.

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

21. <u>Objection to ¶ 71</u>:  Mr. Myrland denies the characterization of his behavior as "odd" in the first sentence and moves to strike it from the presentence report.  Mr. Myrland also denies stating "'I'll get you and your wife,'" as detailed in the sixth sentence of this paragraph.  Finally, Mr. Myrland says that the final sentence of the paragraph should be revised to read: "… he was going to place the officer's picture *and that of his wife* on his website on the internet."

22. <u>Revision to ¶ 75</u>:  Mr. Myrland suggests that the first sentence be revised to read: "This case *and the City of Kirkland's behavior leading up to it* ~~was~~ *were* the original ~~basis~~ *bases* for the underlying federal charge in this matter."

23. <u>Objection & Revision to ¶ 77</u>:  Mr. Myrland says that the second sentence of the paragraph should be stricken because it is not true.  The third sentence should be revised to state that he was approximately "a year *and a half* old" when his parents separated and divorced.  The fourth sentence should be stricken because it is not true.  The final sentence should be changed to state: "… Mr. Howe was a kind man and early on *and through the defendant's high school years*, he supported the family …"

24. <u>Revision to ¶ 78</u>:  Mr. Myrland identifies his brother Greg Myrland's occupation as "*outside sales and management at a construction company*."  He says that the last sentence should be revised to state that he "is closest with his sister*s* Lisa *and Nora*, and has frequent contact with ~~her~~ *them*."

25. <u>Revision to ¶ 79</u>:  Mr. Myrland says that the first two sentences should be changed to say: "~~Not long after~~ *When* his mother ~~remarried~~ *divorced*, the family ~~relocated to~~ *lived in* Tucson, Arizona. ~~where the defendant lived until approximately the age of seven  He has little if any memories from that time~~. *At the age of three, the defendant and his family*

DEFENDANT'S OBJECTIONS & SUGGESTED
REVISIONS TO THE DRAFT PRESENTENCE REPORT - 6

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

*moved to California*." Mr. Myrland suggests that the fifth sentence be revised as follows: "… he 'got into mischief' ~~throughout elementary school~~ *in 4th grade* in California."

26. <u>Revision to ¶ 80</u>: Mr. Myrland says that the first clause of the second sentence should be changed to state: "From approximately the third grade through high school *and community college*, he was very interested …" The eighth sentence should read: "The defendant's grades dropped *briefly* in school; however, he nevertheless graduated *with a 3.6 GPA*; and went on to attend …"

27. <u>Revision to ¶ 85</u>: Mr. Myrland states that the last sentence of the paragraph should say: "In retrospect his is ~~not~~ sure that he benefitted …"

28. <u>Revision to ¶ 85</u>: Mr. Myrland would like the third sentence to be revised as follows: "He has become a 'student of the law,' and ~~he sees himself as~~ *has been* a 'legal advocate' *for 16 years*, not just for himself …"

29. <u>Revision to ¶ 89</u>: Mr. Myrland asks that the fourth sentence be revised: "He began to experiment with marijuana ~~and his grades fell~~."

30. <u>Addition to ¶ 90</u>: Mr. Myrland requests that the following sentence be added to the paragraph: "*He declined a two-year track and field scholarship to the University of Nevada – Reno*."

31. <u>Objection to ¶ 99</u>: Mr. Myrland contends that the proper total offense level is *12* and that the correct guideline range of imprisonment is *10 to 16* months and falls within *Zone C*.

<u>Request for Rule 32 Hearing on Disputed Factual Issues</u>:  If the factual statements to which defendant has interposed objections are not corrected or stricken from the report, the defense shall request a hearing pursuant to Fed.R.Crim.P. 32(i)(2) and ask that the court resolve

DEFENDANT'S OBJECTIONS & SUGGESTED
REVISIONS TO THE DRAFT PRESENTENCE REPORT - 7

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
600 FIRST AVENUE, SUITE 433
SEATTLE, WA 98104
(206) 464-4142

the disputed matters or determine that a ruling is unnecessary pursuant to Fed.R.Crim.P. 32(i)(3)(B).

Respectfully Submitted on September 23, 2011.

LAW OFFICES OF STEPHAN R. ILLA, INC., P.S.



Stephan R. Illa
    WSBA No. 15793
Attorney for Defendant

Certificate of Service

I certify, under penalty of perjury under the laws of the State of Washington, that today I electronically filed this pleading with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the attorneys of record for each of the parties, and further that today I sent a copy of this pleading *via* email to the probation officer assigned to this case.

Signed on September 23, 2011 in Seattle, Washington.



Stephan R. Illa