Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID RUSSELL MYRLAND,<br><br>    Defendant. | No. CR 11 – 057 RSM<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Sentencing: Friday, October 21, 2011 – 10:00 a.m. |

1. <u>Defense Recommendation</u>

The defense recommends that the defendant be sentenced to a sentenced of time served (270 days in custody).

2. <u>Offense Conduct</u>

David Myrland is a man who lives his life according to certain principles. These principles are based on conclusions he has reached after long study and careful consideration. Foremost among these principles is the precept that no one is above the law. Mr. Myrland's

belief in the rule of law has led him to challenge perceived government misconduct and overreaching on many occasions over the years. This case arose from Mr. Myrland's attempts to challenge the actions of the City of Kirkland by asserting the right of citizens to arrest those who commit felonies.

On August 30, 2010, Mr. Myrland sent an email message to JM:[1]

> On Friday, September 3, 2010, I, David Russell; Myrland, will apply to a panel of Americans to offer evidence of felonious conduct on your part which constitutes an ongoing threat to Public Safety, hoping to cause the issuance of a "WRIT OF PROBABLE CAUSE" to substantiate the arrest of your person under RCW 9A.16.020.
>
> Upon the issuance of said Writ, 50 or more concerned Citizens with knowledge of your crimes will enter your home and arrest you, to take you to competent authorities as provided by law, DO NOT RESIST as these Citizens will be heavily armed and will meet all resistance with all necessary force, as provided by law.
>
> IF YOU HAVE EVIDENCE TO THE CONTRARY you are hereby notified that the hearing upon my application for said Writ will take place at:
>
> 2517 Francis Road
> Mount Vernon, WA [98273]
> On September 3, 2010, a Friday, at 7:00 pm.
>
> If you default or otherwise do not appear, and if my application is granted, I would advise you to keep your front and back doors to your home UNLOCKED to better facilitate your lawful arrest.

The email also included a copy of the "Writ of Probable Cause" that was to be sought. The writ accuses JM of committing three felonies:[2]

> 1. J____ M____ is in possession of a stolen automobile, in violation of RCW 9A.56.075 Taking motor vehicle without permission in the second degree. This is an ongoing Class B felony.
>
> 2. J____ M____ is scheming to cause the arrest of David Russell; Myrland under the motor vehicle code (RCW 46) with full knowledge that the suspension of Mr. Myrland's driver's license issued under RCW 46 is irrelevant to his exercise of rights to public vehicular travel. This is a criminal attempt to cause a kidnapping, in violation of RCW 9A.28.020 Criminal attempt (of Class A felony). This is an ongoing Class B felony.
>
> 3. With full knowledge that towing storage fees accrued to Mr. Myrland due to City of Kirkland's negligence to inform him of where his automobile could be retrieved, fees which made it unaffordable for Mr. Myrland to redeem his automobile from impound, J____ M____ is demanding more than $1000.00 (U.S.) as the price of such redemption, making Mr. Myrland's automobile a stolen one soon to be sold under this scheme, in violation of RCW 9A.82.050 Trafficking in stolen property. This is an ongoing Class B felony.

---

[1] Email to JM (08.30.2010) [Discovery No. 000185].
[2] Id. at 000186 (redacted to reflect victim's initials).

By its terms, the writ would issued by a "Citizens' Public Safety Review Assembly" upon a finding of probable cause after consideration of "evidence and testimony."[3]

At the end of the email, Mr. Myrland states:[4]

> Over an $800.00 automobile, my Bible, my basketball, and documents your subordinates have chosen to steal from inside my glove box, you have acquired felony status and will be arrested. You understand why such conduct is rightfully viewed as a threat to personal and Public safety by anyone learning of such domestic terrorism. Your conduct of official matters threatens all who come near Kirkland, WA, and you will taken out of that position by any means "necessary." (RCW 9A.16.020).

The August 30, 2010 email was the product of years of increasingly contentions interactions between Mr. Myrland and the City of Kirkland. In a myriad of legal pleadings, letters, and oral communications, Mr. Myrland alleged that Kirkland officials had committed felonies against him and asserted his right to arrest those officials for breaking the law.

To explain his understanding of the offense conduct and the terms of the plea agreement, Mr. Myrland has written extensive letters to the Court[5] and to the Probation Department.[6] Those letters set forth in great detail Mr. Myrland's positions regarding many of the factual and legal issues central to this case.

### 3.  USSG Calculations

The defense disagrees with the USSG calculations of the government and the Probation Department. The defense urges the Court to calculate Mr. Myrland's advisory sentencing guideline range in the following manner:

| Description | USSG Section | Points |
|---|---|---|
| Base: | USSG § 2A6.1(a)(1) | 12 |
| > 2 Threats: | USSG § 2A6.1(b)(2) | + 2 |
| Acceptance of Responsibility: | USSG 3E1.1 | – 2 |
| Total Offense Level: | | 12 |

---

[3] Id.
[4] Id. at 000187.
[5] See Exhibit A: Defendant's Letter to the Court (11.10.2011) (attached).
[6] See Exhibit B: Defendant's Letter to U.S. Probation Officer S.McNickle (09.27.2011) (attached).

At Level 12 in Criminal History Category I, the advisory guideline range is 10 to 16 months.

### 3.1. No enhancement for intending to carry out the threat should be imposed.

Mr. Myrland denies that his conduct evidenced an intent to carry out the threat and objects to the inclusion of a six-point enhancement pursuant to USSG § 2A6.1(b)(1). As detailed in his letters to the Court and the Probation Department, Mr. Myrland contends that his intent was only to present evidence to others and to allow them to evaluate it.

### 3.2. No enhancement for the victim's official status should be imposed.

Mr. Myrland denies that the threat of citizen's arrest was motivated by the victim's status as a government official, but insists that it was motivated by the fact that the felonies were committed against him by the victim. Mr. Myrland's letters describe his motivation for threatening to arrest the victim and make clear that it was based on what he believed to be her felonious conduct. Because the offense was not motivated by the status of the victim as a government officer or employee, no three-point upward adjustment should be applied pursuant to USSG 3A1.2(a).

### 3.3. No enhancement for disruption of governmental operations should be imposed.

In its comments regarding the Presentence Report, the government argued that a four-level increase should be applied because "Mr. Myrland's threats resulted in significant disruption to Kirkland's operations."[7] No evidence supports the government's position. Section 2A6.1(b)(4)(A) requires "substantial disruption of public, governmental, or business functions or services" to justify an enhancement. Providing the mayor with a security detail undeniably "impacted the operations of the police department" and may even have "impacted the mayor in the conduct of her duties" in some inchoate manner, but this falls far short of a "substantial

---

[7] Letter: V.Lombardi to S.McNickle (09.28.2011) at 2.

disruption" to public or governmental functions. The type of disruption considered sufficient to trigger application of this enhancement is found in cases like <u>United States v. Dudley</u>, 463 F.3d 1221 (11th Cir. 2006), where a threatening letter resulted in closure of part of a state courthouse and suspension of judicial business for a significant period of time. The defense agrees with the Probation Department's conclusion that this enhancement should not be applied.

3.4. <u>Mr. Myrland should be given credit for accepting responsibility</u>.

The Probation Department states that although Mr. Myrland pled guilty in a timely fashion and stipulated to facts in his plea agreement, "he has since provided a written statement expressing contradictory opinions and explanations for his actions."[8]

This characterization is not accurate. In fact, Mr. Myrland has clearly demonstrated acceptance of responsibility in his plea agreement, his proffer to the government, and his submissions to the Probation Department and the Court. He should be given credit for accepting responsibility pursuant to USSG 3E1.1.

Mr. Myrland has truthfully admitted the conduct comprising the offense of conviction. In the plea agreement, Mr. Myrland stated:[9]

> a. Defendant DAVID RUSSELL MYRLAND admits that on or about August 30, 2010, he sent an email to "J.M.," the Mayor of the City of Kirkland, Washington, containing a threat to kidnap and injure J.M. Specifically, Defendant admits that he threatened to cause others to enter J.M.'s home to "arrest" her by law for offenses Defendant felt had been committed against him by police officers working for the City of Kirkland. Defendant further admits that he advised J.M. not to resist, as the people he was working with would be heavily armed and authorized to use force by law.

---

[8] Final Presentence Report (10.10.2011) at ¶ 29.
[9] Plea Agreement (07.27.2011) [Docket No. 41] at ¶ 9(a).

Mr. Myrland has never denied or repudiated any of those facts  The Probation Department's suggestion that his written statement to Probation Officer McNickle expresses "contradictory opinions and explanations for his actions"[10] even if true does not constitute grounds for denying acceptance of responsibility.  In fact, Mr. Myrland has provided extensive writings to the Court and Probation Department accepting responsibility for his crime and explaining his motivations.

Moreover, long before he entered his guilty plea, Mr. Myrland demonstrated his acceptance of responsibility for this offense by voluntarily meeting with the government to discuss his crime.  During his April 1, 2011 proffer session, Mr. Myrland admitted what he did and explained his reasons for doing it.  His proffer was complete, truthful and consistent with his later statements.  His "voluntary assistance to the authorities" is a factor to be considered in determining whether he has accepted responsibility.[11]

### 4.  Basis for Defense Recommendation

The law requires the court to "impose a sentence ***sufficient, but not greater than necessary***, to comply with [the purposes of sentencing]."  18 U.S.C. § 3553(a) (emphasis added).  This is the "primary directive" of the sentencing statute.  States v. Ranum, 353 F.Supp.2d 984 (E.D. WI  2005).  A sentence of time served for this defendant is sufficient to serve all of the purposes of § 3553(a).

A proper sentence in this case should reflect the seriousness of the offense and be commensurate with sanctions imposed on others for similar misconduct.  Here, Mr. Myrland made multiple threats to cause others to forcibly arrest a government official.  The defense has asked the court to impose a sentence of time served (270 days; approximately nine months).  This sentence

---

[10] Final Presentence Report (10.10.2011) at ¶ 29.
[11] *See* USSG 3E1.1 application note 1(e).

would be in line with those handed down for similar offenses in this judicial district.  Two recent dispositions in the Western District of Washington are illustrative:

- United States v. Charles Wilson

    - *Conduct:*  Wilson directed over a dozen threatening voice mail messages to a United States Senator for the State of Washington.  The messages contained express threats to kill the Senator and/or enlist others to assassinate her.  The death threats contained vulgar anatomical references and other foul language.  The threats were expressly intended to influence the Senator's votes and political position on the issue of health care reform.  Wilson told investigating FBI agents that he had a .38 caliber revolver that he regularly carried.[12]

    - *Conviction:*  Wilson pled guilty to Threatening a Federal Official, 18 U.S.C. § 115(a)(1)(B) & (b)(4).  The plea agreement identified fifteen different threats to kill and/or assault the Senator.[13]

    - *Sentence:*  One year and a day in custody.[14]

- United States v. Charles Haberman

    - *Conduct:*  Haberman directed two voicemail messages to a United States Congressman from the State of Washington.  The messaged contained express threats to assault and kill the Congressman and his family.  The messages contained foul language and disparaging references to the Congressman's sexual orientation.  The threats were expressly intended to influence the Senator's votes and political position on issues of tax reform and unemployment benefits.[15]

    - *Conviction:*  Haberman pled guilty to Threatening a Federal Official, 18 U.S.C. § 115(a)(1)(B) & (b)(4).  In addition to the threats against the Washington Congressman, in his plea agreement Haberman admitted leaving similar threatening messages for another United States Congressman and for a member of the California State Assembly.[16]

    - *Sentence:*  Eight months in custody.[17]

One other analogous case awaits sentencing in this judicial district:

---

[12] United States v. Wilson, MJ 10-155, Complaint (04.05.2010) [Docket No. 1].
[13] United States v. Wilson, CR 10-130 JCC, Plea Agreement. (06.10.10) [Docket No. 17] at ¶ 7.
[14] Id., Judgment (10.22.2010) [Docket No. 23].
[15] United States v. Haberman, MJ 11-016, Complaint (01.11.11) [Docket No. 1].
[16] United States v. Haberman, CR 11-029 JLR, Plea Agreement. (05.11.11) [Docket No. 24] at ¶ 7.
[17] Id., Judgment (08.12.2011) [Docket No. 43].

- United States v. Kate Michelle Young

    - *Conduct:*  Young mailed a letter to the President of the United States and delivered letters to the King County Sheriff's offices in Seattle and Kent.  Each of the letters contained a white power identified as "anthrax."  When the letters were received, King County law enforcement instituted a "hazardous materials response, including quarantine and other safety measures."[18]

    - *Conviction:*  Young pled guilty to "Conveying False or Misleading Information," pursuant to 18 U.S.C. § 1038(a)(1).  In her plea agreement, the government agreed to recommend no imprisonment beyond what Young has served up to the time of sentencing.[19]

    - *Pending Sentencing:*  Defendant Young's sentencing is set for January 13, 2012.[20]  If sentenced on that date, the government's recommendation would be for nine months in custody, time served.

Mr. Myrland's threats were far less serious than those made by Wilson or Haberman.  Those defendants expressly threatened to murder elected federal officials.  They did so repeatedly and with the express purpose of subverting the democratic process and manipulating public officials.  Those defendants were convicted of an offense that carries a ten year maximum term, double the maximum term prescribed by Mr. Myrland's offense of conviction.

Young's misconduct is arguably the most serious of all.  She combined her threat with delivery of a substance identified as a deadly biotoxin.  The government's recommendation that she be given a sentence of no more than nine months or time served contrasts sharply with its insistence that Mr. Myrland serve a term of four years in prison.

These comparisons are not made to diminish in any way the seriousness of Mr. Myrland's offense.  His threats to cause others to arrest the mayor were unjustifiable and illegal.  He accepts responsibility for his misconduct and regrets his actions.

---

[18] United States v. Young, MJ 11-166, Complaint (04.13.2011) [Docket No. 1].
[19] United States v. Young, CR 11-128 RSL, Plea Agreement (10.11.11) [Docket No. 34].
[20] See Id., Minute Entry (10.11.11) [Docket No. 31].

DEFENDANT'S SENTENCING MEMORANDUM – 8                LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
                                                     POST OFFICE BOX 10033
                                                     BAINBRIDGE ISLAND, WA 98110
                                                     (206) 464-4142

A sentence of time served – nine months – would be sufficient to punish Mr. Myrland for his crime.  It would provide a clear deterrent to him and to others and would promote respect for the law.

Finally, the court should consider that the conditions of Mr. Myrland's time in custody have been unduly harsh.  As detailed in his letters to the Court and the Probation Department, he has been placed in punitive isolation for long stretches of time without ever having committed any infraction or violation of the rules.  These unjustified punishments have rendered the conditions of his confinement unnecessarily onerous.

Respectfully Submitted on November 11, 2011.

LAW OFFICES OF STEPHAN R. ILLA, INC., P.S.



Stephan R. Illa
    WSBA No. 15793
Attorney for Defendant

Certificate of Service

I certify, under penalty of perjury under the laws of the State of Washington, that today I electronically filed this pleading with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the attorneys of record for each of the parties, and further that today I sent a copy of this pleading *via* email to the probation officer assigned to this case.

Signed on November 11, 2011 in Seattle, Washington.



Stephan R. Illa